IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JAMES ROBERT BARTON, JR, on behalf of himself and a class of persons similarly situated, | COMPLAINT FOR BREACH OF FIDUCIARY DUTY |
| Plaintiff, | PROPOSED CLASS ACTION |
| vs. | CASE No. |
| TOTAL PETROCHEMICALS USA, INC. | |
| Defendant. | |

_____

For his Complaint against Defendant, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil enforcement action brought pursuant to section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132).

2. The lawsuit concerns the TOTAL PETROCHEMICALS USA, INC. Capital Accumulation Plan (the "Plan"), a 401(k) plan established by Total Petrochemicals USA, INC. ("Total") as a benefit for its employees to permit tax-advantaged savings for retirement and other long-term goals.

3. The Plaintiff, JAMES ROBERT BARTON, JR., an employee of Total and a participant in the Plan, claims that the Defendant, *i.e.*, Total Petrochemicals USA, Inc. is a fiduciary of the plan. Further, he claims that they breached their fiduciary duties to himself and the other participants and beneficiaries of the Plan in violation of ERISA § 409 (27 U.S.C. § 1109) in a variety of ways, especially in connection with the Plan's holdings of company stock.

1

And he claims that the Defendant are obliged, under ERISA, to make good to the Plan the loss it has suffered as a result of their fiduciary breaches.

4. Because his claims apply to the participants and beneficiaries as a whole, and because ERISA authorizes a participant such as Mr. Barton to sue for plan-wide relief for breaches of fiduciary duty, he seeks to bring this action on behalf of himself and the class of all the participants and beneficiaries of the Plan during the relevant period.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and the specific jurisdiction statute for claims of this type, ERISA § 502 (e)(1) (29 U.S.C. § 1132 (e)(1)).

6. This Court has personal jurisdiction over the Defendant.

7. Venue is properly laid in this district pursuant to ERISA § 502 (e)(2) (29 U.S.C. § 1132(e)(2)) because the Plan was administered in this district, some or all of the fiduciary breaches for which relief is sought occurred in this district.

## THE PLAN

8. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A) (29 U.S.C. § 1002(2)(A)). Further, it is an "eligible individual account plan" within the meaning of ERISA § 407(d)(3) (29 U.S.C. § 1107(d)(3)) and also a "qualified cash or deferred arrangement" within the meaning of I.R.C. § 401(k) (26 U.S.C. § 401(k)). The Plan is not a party to this action. Pursuant to ERISA, however, the relief requested in this action is for the benefit of the Plan.

9. Total Petrochemicals USA, Inc. is the sponsor of the Plan. Its Sponsor Identification Number is 75-0990403.

10. The participants of the Plan were permitted to contribute from 1% to 30% of their eligible base pay to the Plan. Participants directed the investment of their contributions, in 1% increments, to the various investment options available in the Plan.

11. Most of these options were diversified mutual funds. However, the options also included the "Company Stock" and "Company Stock Fund". The Company Stock Funds invested solely in company stock.

12. Total Petrochemicals USA, Inc. matched participants' contributions, at certain specified percentages, by making contributions to the participants' account into the Company Stock and Company Stock Fund.

## THE PARTIES TO THIS ACTION

13. Plaintiff is a resident of Texas. For many years he worked for Total Petrochemicals, USA, and was a participant in its 401(k) plan. He is currently employed by Total. He has been a "participant" in the Plan, within the meaning of ERISA § 3(7) (29 U.S.C. § 1002(7)), since 1994 and remains a participant today. He has held approximately 5,000 shares of Total stock in the Company Stock Funds, representing approximately 80% of his total savings in the Plan.

14. TOTAL PETROCHEMICALS USA, INC. is named as Plan Administrator with it's principal place of business located at 1201 Louisiana Street, Ste 1800, Houston, TX 77002. Defendant may be served by serving its registered agent for service of process CT Corp System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201. Plaintiff requests that the clerk issue citation for service and forward the Plaintiff's counsel for service by private process server.

## APPROPRIATENESS OF CLASS ACTION

15. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class (the "Class") of all persons similarly situated. The Class itself consists of all persons who were participants in or beneficiaries of the Plan, from January 1, 2014 to present (the "Class Period") and who made or maintained investments in the Company Stock Funds.

16. Plaintiff meets the prerequisites to bring this action on behalf of the Class because:

- **Numerosity**. The Class consists of over 10,000 individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

- **Commonality**. These are questions of law and fact common to the Class.

- **Typicality**. The Plaintiff's claims are typical of the claims of the Class.

- **Adequacy**. Plaintiff will fairly and adequately protect the interests of the Class. He has no interests that are antagonistic to or in conflict with the interest of the Class as a whole, and he has engaged competent counsel, experienced in class actions and complex litigation, to ensure protection of the interests of the Class as a whole.

17. This action is maintainable as a class action for the following four independent reasons:

    a. The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant.

    b. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a

practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

      c.      The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

      d.      Questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### FIDUCIARY STATUS

18.    During the Class Period, the Defendant had discretionary authority respecting management of the Plan and/or the management of disposition of the Plan's assets and had discretionary authority or responsibility for the administration of the Plan.

19.    During the Class Period, all of the Defendant acted as fiduciary of the Plan pursuant to ERISA § 3(21)(A) (29 U.S.C. § 1002 (21)(A)) and the law interpreting that section.

20.    ERISA requires every plan to provide for one or more named fiduciaries, who will have "authority to control and manage the operation and administration of the plan." ERISA § 402(a)(1) (29 U.S.C. § 1102(a)(1)). Instead of delegating fiduciary responsibility for the Plan to external service providers, Total chose to comply with the requirement of section 402(a)(1) by internalizing the fiduciary function.

21.    During the Class Period, Total designated itself as the Plan Administrator in its Summary Plan Descriptions ("SPDs"), thereby making itself a named fiduciary of the Plan.

## FACTUAL BACKGROUND TO BREACHES OF FIDUCIARY DUTY

22. Upon information and belief, during the Class Period, and before, Total and its executive officers made the decision to require beneficiaries to divest Company Stock and Company Stock Fund investments from their 401(k) resulting in a substantial loss to beneficiaries of the Plan.

## BREACHES OF FIDUCIARY DUTY

23. ERISA section 404(a)(1)(A) imposes on a plan fiduciary a duty of loyalty--that is, a duty to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and…for the exclusive purpose of…providing benefits to participants and their beneficiaries…." Section 404(a)(1)(B) also imposes on a plan fiduciary a duty of prudence—that is, a duty to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and…with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims…"

24. A fiduciary is liable not only for his own fiduciary breaches, but also to use reasonable care to prevent his co-fiduciaries from breaching their fiduciary duties. A fiduciary who knows of a co-fiduciary's breach is liable unless he makes reasonable efforts to remedy the breach. ERISA § 405 (29 U.S.C. § 1105).

25. A plan fiduciary's duties of loyalty and prudence include a duty to disclose and inform. This duty entails: 1) a negative duty not to misinform; 2) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and 3) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries. This duty to disclose and inform recognizes the disparity that may exist, and in

this case did exist, between the training and knowledge of the fiduciaries, on the one hand, and in

this case did exist, between the training and knowledge of the fiduciaries, on the one hand, and

the participants and beneficiaries, on the other. In a plan with various funds available for investment, this duty to inform and disclose also includes: 1) the duty to impart to plan participants material information of which the fiduciary has or should have knowledge that is sufficient to apprise the average plan participant of the risks associated with investing in any particular fund; and 2) the duty not to make material misrepresentations.

26. During the Class Period, if not before, the Defendant breached their fiduciary duties by requiring Plan participants to divest Company Stock and Company Stock Funds at a substantial loss. During the Class Period, any investment in employer stock in the Plan was discontinued and Plan participants have been advised that they must sell their Company Stock and Company Stock Funds at a significant loss by December 31, 2015.

27. A fiduciary's duties of loyalty and prudence also entail a duty to conduct an independent investigation into, and continually to monitor, the merits of the investment alternatives in the Plan, including employer securities, to ensure that each investment is a suitable option for the plan.

28. The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur. A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

29. Defendant breached their duty to avoid conflicts of interest and to promptly resolve them when they occur by requiring Plan Participants to sell their company stock at a substantial loss during the Class Period, by failing to engage independent fiduciaries who could

make independent judgments concerning the Plan's investment in company stock and the information to provided to participants and beneficiaries concerning it, and generally, by failing to whatever steps were necessary to ensure that the fiduciaries of the Plan did not suffer from a conflict of interest.

30. A fiduciary may not avoid his fiduciary responsibility by relying solely on the language of the plan documents. While the basic structure of a plan may be specified, within limits, by the plan sponsor, the fiduciary may not blindly follow the plan document if to do so leads to an imprudent result. ERISA § 404(a)(1)(d) (29 U.S.C. § 1104(a)(1)(D)).

31. To the extent that Defendant followed the direction of the Plan documents, for example, in requiring Plan Participants to sell the Company Stock and Company Stock Funds during the Class Period, they further breached their fiduciary duties.

**CAUSATION**

32. Plaintiff and the other Class members will be damaged, because substantial assets in the Plan were invested in company stock during their employment and Defendant is now forcing these Plan Participants to sell their Company Stock and Company Stock Funds at a loss. This will allow TOTAL Petrochemical USA, Inc. to acquire this stock at a reduced price and will damage the Plan Participants.

33. As fiduciary, Defendant is responsible for the prudence of investments in the Plan during the Class Period unless participants in the Plan themselves exercised effective and informed control over the assets in the Plan in their individual accounts pursuant to ERISA section 404(c) and the regulations promulgated under it. Those provisions were not complied with here; instead of taking the necessary steps to ensure effective participant control by complete and accurate disclosure and regulatory compliance, Defendant is requiring participants

N/A
N/A
N/A

to sell their stock at a loss, Defendant's liability to Plaintiff for damages stemming from this forced sale of the Company Stock Funds is therefore established upon proof that such sale will result in significant damage to each participant.

### REMEDY FOR BREACHES OF FIDUCIARY DUTY

34.    ERISA § 502 (a) (2) (29 U.S.C. § 1132(a)(2)) authorizes a plan participant to bring a civil action for appropriate relief under section 409 (29 U.S.C. § 1109). Section 409 requires "any person who is a fiduciary…who breaches any of the…duties imposed upon fiduciaries…to make good to such plan any losses to the plan…." Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate…."

35.    With respect to the calculation of the losses to a plan, breaches of fiduciary duty result in a presumption that, but for the breaches of fiduciary duty, the participants and beneficiaries in the plan would not have made or maintained their investments in the challenged investment and, where alternative investments were available, that the investments made or maintained in the challenged investment would have instead been made in the most profitable alternative investment available. In this way, the remedy restores the values of the plan's assets to what they would have been if the plan had been properly administered.

36.    Plaintiff and the Class are therefore entitled to relief from the Defendant in the form of: 1) a monetary payment from the Defendant to the Plan to make good to the Plan the losses to the Plan resulting from the breaches of fiduciary duties alleged above in the amount to be proven at trial based on the principles described above, as required by ERISA § 409(a) (29 U.S.C. § 1109(a)); 2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA § 502(a)(2)&(3) (29 U.S.C. § 1132(a)(2)&(3)); 3) reasonable attorney fees and expenses as provided by ERISA § 502(g) (29 U.S.C. § 1132(g)), the

common fund doctrine, and other applicable law; 4) taxable costs; and 5) interest on some or all of these amounts as provided by law.

## PRAYER

WHEREFORE, Plaintiff and the Class pray for judgment against the Defendant for monetary relief, injunctive and other equitable relief, attorney fees, expenses, costs, and interest, and any other relief the Court deems just.

Respectfully submitted,

*/s/ Jill S. Pierce*
Jill Swearingen Pierce
Bar No. 00788498
**BRADLEY, STEELE & PIERCE, LLP**
3120 Central Mall Drive
Port Arthur, TX 77642
Tel: (409) 724-6644
Fax: (409) 724-7585
Email: jpierce@bradlaw.net

*/s/ Jane S. Leger*
Jane Swearingen Leger
**DUGAS LEGER LAW FIRM**
Bar No. 00788814
805 Park Street
Beaumont, TX 77701
Tel: (409)  813-111
Fax: (409) 813-1396
Email: jleger@dugasleger.com

Counsel for Plaintiff